Submitted on the record August 31, accused censured October 13, 2005

Inquiry Concerning a Judge re:
## The HONORABLE NEAL C. LEMERY,
*Accused.*
(CJFD 04-132; SC S52763)
120 P3d 1221

Susan D. Isaacs, Portland, Executive Director, Commission on Judicial Fitness and Disability, submitted the stipulation.

No appearance *contra*.

Before Gillette, Presiding Justice, and Durham, Riggs, De Muniz, Balmer, and Kistler, JJ.*

PER CURIAM

---

* Carson, C. J., did not participate in the consideration or decision of this case.

**PER CURIAM**

This is a proceeding under ORS 1.420, ORS 1.430, and Article VII (Amended), section 8, of the Oregon Constitution to inquire into the conduct of a justice of the peace and circuit court judge pro tem.[1] The Oregon Commission on Judicial Fitness and Disability (commission) and the accused, Honorable Neal C. Lemery, a justice of the peace and a judge pro tem of the Circuit Court of the State of Oregon for Tillamook County, agreed to a Stipulation of Facts and Consent to Censure (stipulation for censure) in which the accused stipulated that he engaged in conduct that violated the Oregon Code of Judicial Conduct Judicial Rule (JR) JR 1-101(A) (requiring judge to observe high standards of conduct); JR 1-101(C) (prohibiting conduct reflecting adversely on judge's character, competence, temperament, or fitness to serve as judge); JR 1-101(D) (requiring judge to refrain from conduct involving dishonesty, fraud, deceit, or misrepresentation); JR 2-102(B) (prohibiting *ex parte* contact except with consent of the parties or as authorized by law); JR 2-107 (requiring judge to be faithful to law and decide matters on basis of facts and applicable law); and JR 2-110(B) (requiring judge to refrain from conduct that would be

---

[1] ORS 1.420(1) provides, in part:

"Upon complaint from any person concerning the conduct of a judge or upon request of the Supreme Court, and after such investigation as the Commission on Judicial Fitness and Disability considers necessary, the commission may do any of the following:

"* * * * *

"(c) The commission may allow the judge to execute a consent to censure, suspension or removal. If a consent is entered into under this paragraph, the judge and the commission must enter into a written stipulation of facts. The consent and stipulation of facts shall be submitted by the commission to the Supreme Court."

ORS 1.430(2) provides, in part:

"If the commission has agreed to allow the judge to submit a consent to censure, suspension or removal, the Supreme Court shall review the stipulation of facts and the disciplinary action to which the judge has consented. If the Supreme Court approves the consent, the court shall censure the judge or order the judge suspended or removed from office pursuant to the terms of the consent."

Article VII (Amended), section 8, of the Oregon Constitution provides, in part:

"[A] judge of any court may be * * * censured by the Supreme Court."

perceived as biased or prejudiced toward litigants, jurors, witnesses, lawyers, or members of public).

We set out the stipulation for censure, in part:

"STIPULATED FACTS

"If a contested hearing were held in this matter, clear, cogent and convincing evidence would be presented sufficient to establish the following facts:

"1. At all material times herein Judge Neal C. Lemery ('Judge Lemery' or 'Respondent') served as a Justice of the Peace and Circuit Judge Pro Tem for the State of Oregon, Twenty-Seventh Judicial District, Tillamook County.

"2. In November 2004[,] Judge Lemery served as Circuit Judge Pro Tem and sole trier of the facts in the trial of an action brought by the State of Oregon Department of Human Services ('DHS') to terminate the parental rights of Lewis Fockler, Tillamook County Circuit Court Case No. 3015 J.

"3. On or about November 17, 2004, near the end of a morning recess taken during the prosecution's presentation of its evidence in chief, Judge Lemery returned to the courtroom from his chambers to resume the second day of trial. Before re-taking the bench, and before the defendant and his counsel had returned to the courtroom, Judge Lemery made comments about the case to the DHS caseworker, who was a party and witness in the case, and to nearby prosecution witnesses, but outside the presence of the defendant and his counsel. The Judge said that what he really liked about the case was that the father's new girlfriend was sitting in the back of the courtroom with the new baby, and that the baby should be next for termination.

"4. The court clerk reported the Judge's conduct to the Trial Court Administrator who instructed her to report it to the Presiding Circuit Judge, which she did. The Presiding Circuit Judge instructed her to make a record of what she had observed and heard in a memorandum, which she did. She delivered the memorandum to the Trial Court Administrator. A true copy of her memorandum is attached as Exhibit 1.

"5. At the noon recess on November 18, 2004, the Trial Court Administrator summoned Judge Lemery and the

attorneys for the parties to a meeting in a jury room and distributed the clerk's memorandum to all for comment. After reading the memorandum, the defendant's counsel stated his intention to move for a mistrial and to move that Judge Lemery recuse himself from further involvement in the case. Judge Lemery, without admitting or denying the truth of the facts stated in the clerk's memorandum, announced that he would declare a mistrial and recuse himself from further involvement. When they returned to the courtroom and resumed the hearing on the official record, Judge Lemery declared a mistrial and recused himself from further involvement in the case. Later, the case was reset for a new trial, and it was tried in February 2005 before a different judge.

"6.  On December 29, 2004[,] the Commission's Executive Director wrote an investigative letter to Judge Lemery. She asked him to explain the nature of his contact with one of the parties, the DHS/Child Welfare caseworker, and the content of his communication with her.

"7.  On or about January 21, 2005, in his letter responding to the Executive Director's inquiry, Judge Lemery denied any recollection of having said anything in his conversation with the DHS representative regarding the case that was before him for decision.

"8.  On or about June 1, 2005, in a letter to the Oregon Secretary of State, Judge Lemery resigned as Circuit Judge Pro Tem for the Twenty-Seventh Judicial District (Tillamook County).

## "VIOLATIONS

"9.  The Respondent admits that, by engaging in conduct described above, he violated the following Rules of the Oregon Code of Judicial Conduct adopted by the Oregon Supreme Court:

"•  JR 1-101(A) which requires that a judge shall observe high standards of conduct so that the integrity, impartiality and independence of the judiciary are preserved and shall act at all times in a manner that promotes public confidence in the judiciary and the judicial system;

"•  JR 1-101(C) which requires that a judge shall not engage in conduct that reflects adversely on the judge's

character, competence, temperament or fitness to serve as a judge;

"• JR 2-102(B) which requires that a judge shall not communicate or permit or cause another to communicate with a lawyer or party about any matter in an adversary proceeding outside the course of the proceeding, except with the consent of the parties or as expressly authorized by law or permitted by this rule;

"• JR 2-107 which requires that a judge shall be faithful to the law and shall decide matters on the basis of the facts and applicable law;

"• JR 2-110(B) which requires that a judge shall not act in a way that the judge knows, or reasonably should know, would be perceived by a reasonable person as biased or prejudiced toward any of the litigants, jurors, witnesses, lawyers or members of the public; and

"• JR 1-101(D) which requires that a judge shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

### "SANCTION / CONSENT TO CENSURE

"10. Respondent agrees and stipulates that based on such facts, the Commission could find that Respondent's conduct justifies censure and recommend the censure to the Oregon Supreme Court."

Pursuant to ORS 1.430(2), the court has reviewed the stipulation of facts and the disciplinary action to which the accused has consented. The court approves the consent to censure.

The accused is censured.